UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| REBECCA WISE, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| vs. | } | CASE NO. CV 07-B-1622-W |
| | } | |
| NHS LEASING AND CONSULTING, | } | |
| LLC, d/b/a PARK MANOR HEALTH | } | |
| AND REHABILITATION, | } | |
| | } | |
| Defendant. | } | |

**MEMORANDUM OPINION**

This case is currently before the court on Plaintiff's Motion For Conditional Class Certification and to Facilitate Court-Approved Notice under 29 U.S.C. § 216(b). (Doc. 7.)[1] Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that Plaintiff's Motion for Conditional Class Certification is due to be granted, and the Motion to Facilitate Court-Approved Notice is due to be granted, as amended.

**I.     FACTUAL SUMMARY**

This action arises under the Fair Labor Standards Act ("FLSA" or the "Act"), 29 U.S.C. § 207(a)(1), which requires, among other things, that a non-exempt employee must receive time-and-a-half overtime compensation for any work he or she performs in excess

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

of forty hours per week. In order to ensure compliance with the overtime-pay requirement, employers are required to maintain accurate records of all time worked by non-exempt employees. *See* 29 C.F.R. § 516.

The named plaintiff, Rebecca Wise, brings this action on her own behalf and on behalf of other similarly situated Certified Nursing Assistants ("CNAs"),[2] under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, alleging violations of the overtime pay provisions of the FLSA. Plaintiff specifically describes several employment practices, in violation of the FLSA, in which her employer allegedly engaged: (1) failure to pay plaintiff and other CNAs for "off-the-clock" work performed prior to the scheduled beginning of a shift and after the scheduled end of a shift; (2) automatically deducting a 30-minute meal break from each CNA's hours worked, even though CNA's are rarely able to take an uninterrupted 30-minute meal break, *see* 29 C.F.R. § 785.19; and (3) rounding CNA's time for its benefit only, rounding time up to the start of the scheduled shift hours at the beginning of the shift, and rounding time back at the end of the shift.

## II.   OPT-IN CLASS ACTIONS UNDER 29 U.S.C. § 216(b)

Plaintiff has moved the court for conditional class certification and for court-

---

[2] Plaintiff's original class encompassed "all hourly wage employees of the Defendant." (Doc. 7 at 1.) However, in her Reply Brief, Plaintiff concedes that her original class was overly broad, and agreed to limit the proposed class to all CNAs employed by Defendant within the three years pre-dating the filing of this action.

approved notice to potential class members. (Doc. 7.) Section 216(b) of the FLSA authorizes a plaintiff seeking relief to bring a "collective action" on behalf of similarly situated persons. 29 U.S.C. § 216(b). A district court has discretion, in appropriate cases, to facilitate notice to potential plaintiffs in collective actions brought under § 216(b). *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 156, 169, 171 (1989). The Eleventh Circuit Court of Appeals has stated that "the broad remedial purpose of the Act is best served if the district court is deemed to have the power to give such notice to other potential members of the plaintiff class to 'opt-in' if they so desire." *Dybach v. Florida Dep't of Corrections*, 942 F.2d 1562, 1567 (11th Cir. 1991). However, before approving such notice, "the district court should satisfy itself that there are other employees who desire to opt-in and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Id*. at 1567-68.

The Eleventh Circuit has suggested that trial courts consider class certification pursuant to § 216(b) using a two-tiered approach. *Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F.3d 1208, 1217–19 (11th Cir. 2001); *see also Anderson v. Cagle's, Inc.*, 488 F.3d 945, 952–53 (11th Cir. 2007); *Cameron-Grant v. Maxim Healthcare Svcs.*, 347 F.3d 1240 (11th Cir. 2003). The first determination is made at the so-called "notice stage," typically on a motion for conditional class certification and for court-approved notice made by the plaintiff prior to the commencement of discovery. *Hipp*, 252 F.3d at 1218. At this stage**,** the court utilizes a "fairly lenient" standard in making a determination, based on the

pleadings and any affidavits which have been submitted, as to whether a class should be conditionally certified, and whether notice of the action should be given to potential class members. *Id*. Once the class is conditionally certified, the putative class members are given notice and the opportunity to "opt-in." The action then proceeds as a representative action throughout discovery.

"At the second stage, which is typically precipitated by a motion for decertification by the defendant usually filed after discovery is largely complete and the matter is ready for trial, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question." *Anderson*, 488 F.3d at 953 (internal quotations and citations omitted). The "similarly situated" standard imposed at the second stage is less "lenient" than at the first and, although the specific contours of this "less lenient" standard are somewhat unclear, the Eleventh Circuit has held that "although the FLSA does not require potential class members to hold identical positions, the similarities necessary to maintain a collective action under § 216(b) must extend 'beyond the mere facts of job duties and pay provisions.' " *Id*. (quoting *White v. Osmose, Inc.*, 204 F.Supp.2d 1309, 1314 (M.D. Ala. 2002).

## III.   DISCUSSION

In order to establish that she is entitled to conditional class certification and court-approved notice to potential class members, plaintiff must satisfy the court that: (1) there are other employees of Defendant who desire to opt-in; and (2) that the potential opt-in

plaintiffs are similarly situated to the named plaintiff with respect to their job requirements and their pay provisions. *Dybach,* at 1567-68. At this stage, plaintiff "need show only [her] their position[] [is] similar, not identical, to the positions held by the putative class members." *Grayson v. K Mart Corp*, 79 F.3d 1086, 1096 (11th Cir. 1996). "[T]he 'similarly situated' requirement of § 216(b) is more elastic and less stringent than the requirements found in Rule 20 (joinder) and Rule 42 (severance)." *Id*. In addition, a unified policy, plan, or scheme may not be required to satisfy the more liberal "similarly situated" requirement of § 216(b). *Id*. The plaintiff bears the burden of demonstrating a reasonable basis for her claim of class-wide FLSA violations. *See Id*. at 1097. A plaintiff may meet this burden, which is not heavy, by making "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Id*. (cited with approval and followed in *Anderson*, 488 F.3d at 952.)

  Defendant contends that Plaintiff has failed to meet her burden of establishing that the proposed potential class members are similarly situated to Plaintiff, focusing its argument largely on its contention that Plaintiff's original proposed class was overly broad. (*See generally*, Doc. 14.) As previously noted, Plaintiff has agreed to narrow her class to CNAs who worked for Defendant during the three-year period prior to the filing of this action. Defendant admits that all non-exempt employees, including all CNAs, are on the "8/80 plan" under which overtime is calculated on the basis of hours worked in excess of eight in a day or eighty in a bi-weekly pay period. (Doc. 13, Amended Answer

at 3, ¶ 9; *see also* Doc. 9, Ex. 6, NHS Employee Handbook at 19.)  Citing from the Declaration of its Director of Human Resources, (doc. 16, Ex. 1, Declaration of Sebrina Bowling), defendant describes the job requirements of CNA's as follows:

> CNAs provide direct care to residents.  There are CNAs on duty at Park Manor 24 hours a day to provide care.  There are three shifts of CNAs.  The morning shift begins at 7:00 a.m. and ends at 3:00 p.m.  The evening shift begins at 3:00 p.m. and ends at 11:00 p.m.  The night shift, which is more lightly staffed, begins at 11:00 p.m. and ends at 7:00 a.m.  During a shift, the CNAs are supervised by the charge nurse (a licensed practical nurse) on the hall to which they are assigned.  They also report to the unit manager (an exempt registered nurse) for that hall.  At all times they are supervised by the Director of Nursing, a department head that reports to the Park Manor Administrator.
>
> CNAs must have a certification from the State of Alabama which is obtained by completing written and clinical exams.

(Doc. 14 at 11) (citations omitted).

In support of her Motion for Conditional Class Certification and to Facilitate Court-Approved Notice, Plaintiff has submitted declarations of seven (7) other CNAs employed by Defendant during the relevant time period, who have filed written consents to opt-in as party Plaintiffs.  (Doc. 9, Ex. 2, Declaration of Markus LaQuinton Adams, Ex. 3 Declaration of Tonya Cristin, Ex. 4, Declaration of Sarah Leatherwood, Ex. 5, Declaration of Karen Ussin; Doc. 12, Ex. 7, Declaration of Ariel Bell, Ex. 8, Declaration of Lucille Bailey; Doc. 18, Ex. 10, Declaration of Nakesia Cooper.)  Each of the seven putative opt-in Plaintiffs claim as follows: (1) that they typically arrived at work before the start of their shifts and would immediately begin to work, but that they were not paid

for their pre-shift work; (2) that Defendant deducted 30 minutes per shift from their time for a lunch break, whether or not they were actually able to take all or part of that break, and that most of the time that they worked at Park Manor, they were not able to stop and take lunch due to their job duties; (3) that they were required complete their job duties before leaving work after a shift, even if it was necessary to do so after clocking out, and that they were not paid for work they performed "off-the-clock;" (4) that Defendant rounds time to the nearest fifteen minutes for its benefit only, by always rounding up to the start of the scheduled shift hours at the beginning of a shift, and by always rounding back at the end of the shift; and (5) that there were times when they worked for Park Manor when they were not paid time-and-a-half for hours worked in excess of 8 per day or 80 per bi-weekly pay period. (*See*, Docs. 9, 12, 18, Exs. 2-5, 7-10.)

Defendant takes the position that "off-the-clock" and "meal break" claims are particularly difficult to litigate as a class due to the individualized factual inquiry required for each. (Doc. 14 at 14-16.) However, Defendant has not cited any controlling law in support of its position.[3] With respect to Plaintiff's claim that Defendant has a practice of rounding time for its benefit only, in violation of the FLSA, Defendant contends that Plaintiff is not entitled to class certification because she has failed to provide evidence of any such policy or practice at Park Manor. However, as the Eleventh Circuit has stated:

---

[3] Defendant relies on *Saxon v. Title Max of Alabama, Inc.*, 431 F.Supp.2d 1185, 1189 (N.D. Ala. 2006); *Dudley v. Texas Waste Systems, Inc.*, 2005 WL 1140605 *2 (W.D. Tex. 2005); *Lawrence v. City of Philadelphia*, 2004 WL 945139 (E.D. Pa. 2004).

"a unified policy, plan, or scheme may not be required to satisfy the more liberal 'similarly situated' requirement of § 216(b)" at the "notice stage." *Grayson*, 79 F.3d at 1096; *Hipp*, 252 F.3d at 1219.

The court is satisfied that there are current and former employees of Defendant who desire to opt-in as party Plaintiffs to this action, and who are similarly situated with regard to their job requirements and their pay provisions. *See Dybach*, 942 F.2d at 1567. Plaintiff has made detailed allegations supported by affidavits which successfully engage Defendant's affidavit to the contrary, and she has demonstrated a "reasonable basis" for her claim of class-wide FLSA violations. *See Grayson*, 79 F.3d at 1097. Therefore, Plaintiff has met her burden of establishing that she is entitled to conditional class certification and court-approved notice to potential class members. *Id*. Plaintiff's Motion for Conditional Class Certification will be granted.

## IV.  MOTION TO FACILITATE COURT-APPROVED NOTICE

Because the court has determined that this action is appropriate for conditional class certification, it also finds that Plaintiff is entitled to court-approved notice to potential class members. However, Defendant raises some objections to Plaintiff's proposed Notice. Defendant's objections were taken up by the court during the hearing on Plaintiff's Motion, and the Proposed Notice has been amended in accordance with the court's discussion with counsel for the parties. Plaintiff's Motion to Facilitate Court-Approved Notice will granted. The Proposed Notice will be approved, as amended, and

will be distributed, as requested by Plaintiff, to all hourly-paid CNA employees of NHS Leasing and Consulting, LLC "who worked over eight hours in a day or eighty (80) hours in a bi-weekly pay period for one or more weeks from September 11, 2004 to the present." Further, so that the approved Notice may be implemented, Defendant will be ordered to produce to Plaintiff's counsel a computer-readable data file or paper list containing the current and/or last known addresses of the above-described class of current and former CNAs. Defendant will also be ordered to provide the Social Security numbers of such individuals for use by Plaintiff's counsel, in conjunction with Accurint, a LexisNexis service, to locate their most up-to-date addresses.[4]

## V.   MOTION TO TOLL STATUTE OF LIMITATIONS

Plaintiff has filed a Motion to Toll Statute of Limitations as of November 21, 2007, the date on which Plaintiff filed her Motion to Facilitate Court-Approved Notice under 29 U.S.C. § 216(b) or, in the alternative, February 6, 2008, the date on which the Motion was originally set for hearing, until such time as the court rules on the Motion to Facilitate Notice. (Doc. 25.) Defendant opposes Plaintiff's Motion to Toll Statute of Limitations. (Doc. 30.) The court deems it appropriate to reserve ruling on the issue of equitable tolling of the applicable statute of limitations until such time as the putative opt-in plaintiffs' claims, if any, are before the court. Therefore, the Motion to Toll Statute of

---

[4] The Social Security numbers provided to Plaintiff's counsel will be subject to a protective order for the purpose of protecting the privacy of the individuals making up the conditionally-certified class.

Limitations (doc. 25) will be **DENIED** without prejudice to Plaintiff's right to renew the Motion, if necessary, at a later date.

**DONE** this the 30th day of September, 2008.

*Sharon Lovelace Blackburn*
_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE