UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| REBECCA WISE, et al., } | |
| } | |
| Plaintiffs, } | |
| } | |
| vs. } | CASE NO. CV 07-B-1622-W |
| } | |
| NHS LEASING AND CONSULTING, } | |
| LLC, d/b/a PARK MANOR HEALTH } | |
| AND REHABILITATION, } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION

This case is currently before the court on Defendant's Motion for Partial Summary Judgment. (Doc. 43.)[1] Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that Defendant's Motion for Partial Summary Judgment is due to be granted.

## STATEMENT OF UNDISPUTED FACTS

Plaintiff Rebecca Wise filed a collective action complaint on behalf of herself and other similarly situated certified nursing assistants alleging that former employer, defendant NHS Leasing and Consulting, LLC d/b/a Park Manor Health and Rehabilitation ("Park Manor"), willfully violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* by failing to pay Wise regular and overtime wages earned.

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

1

(Doc. 1.) The complaint was filed on September 6, 2007. (*Id.*) The court granted Wise's Motion to Certify Class (doc.7) on September 30, 2008. (Doc. 33.) Wise filed six notices of consent by opt-in plaintiffs, adding a total of 26 plaintiffs to the action. (Docs. 6, 11, 17, 35, 36, 38.) Wise's Sixth Notice of Filing Consents by Opt-in Plaintiffs added Juleen Phillips and Yolanda Pruitt to the action. Plaintiff Wise and the opt-in plaintiffs (hereinafter "Plaintiffs") filed a First Amended and Restated Complaint. (Doc. 40.) Specifically, Plaintiffs assert that Park Manor: 1) failed to pay for work performed before and after scheduled shifts; 2) failed to provide uninterrupted meal breaks and required plaintiffs to be on call during lunch without pay; and 3) rounded time entries in its favor, resulting in unpaid pre and post-shift work. (Doc. 40 at ¶¶ 37-44.)

## SUMMARY JUDGMENT STANDARD OF REVIEW

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Celotex,* 477 U.S. at 322-23; *see* Fed. R. Civ. P. 56(a) and (b). Once the moving party has met its burden, Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if summary judgment is otherwise appropriate.

## DISCUSSION

Defendant filed its motion for partial summary judgment requesting the court to grant summary judgment in its favor on the claims of opt-in plaintiffs Juleen Phillips and Yolanda Pruitt.  (Doc. 43.)  As grounds, Defendant stated that Phillips and Pruitt did not perform any work for Park Manor during the statute of limitations period, September 6, 2004 to September 6, 2007.  (Doc. 43, pp 1-2.)

After Defendant filed its motion, the court entered an Order directing Plaintiffs to file any opposition to the motion on or before August 6, 2009, and directing Defendant to submit any reply on or before August 17, 2009.  (Doc.45.)  Plaintiffs responded to the motion on July 21, 2009 and represented to the court that Phillips and Pruitt were notified and given opportunity to prove their eligibility to participate in the class settlement by demonstrating qualifying employment.  (Doc. 46 at ¶ 2.)  Neither Phillips nor Pruitt responded.  (*Id.*)  Plaintiffs acknowledge that they are without evidence to counter the motion.  (Doc. 46 at ¶ 3.)

**CONCLUSION**

Applying the standards governing summary judgment to the facts of this case, the court concludes that, as to the claims of Juleen Phillips and Yolanda Pruitt, there is no genuine issue as to any material fact, and the movant is entitled to a judgment as a matter of law. Plaintiffs have not come forward with ***any*** evidence, much less evidence showing a dispute as to any factual contention of Defendant. Thus, Plaintiffs have not only failed to meet their burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex,* 477 U.S. at 324, but also, and most importantly, the facts and law applicable to this case warrant granting of partial summary judgment for Defendant. An Order granting Defendant's Motion for Partial Summary Judgment will be entered contemporaneously with this Memorandum Opinion.

    **DONE**, this the 31st day of August, 2009.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE