UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

REBECCA WISE, et al.,                }
                                     }
    Plaintiffs,                      }
                                     }
vs.                                  }            CASE NO. 7:07-cv-1622-SLB
                                     }
NHS LEASING AND CONSULTING,          }
LLC, d/b/a PARK MANOR HEALTH         }
AND REHABILITATION,                  }
                                     }
    Defendant.                       }

## MEMORANDUM OPINION

The case is currently pending before the court on the parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice, (doc. 44),[1] and Supplement to Joint Motion for Approval of Settlement with Prejudice, (doc. 50). For the reasons set forth below, the court finds that the joint motions are due to be granted, and that all claims in the case are due to be dismissed with prejudice.

Plaintiff Rebecca Wise alleged in her opt-in collective action complaint that former employer, defendant NHS Leasing and Consulting, L.L.C. d/b/a Park Manor and Rehabilitation ("Park Manor"), willfully failed to pay Wise and other similarly situated Certified Nursing Assistants appropriate wages and overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. (Doc. 1.) Wise

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

1

amended her complaint (doc. 40) to add opt-in plaintiffs: Markus Adams, Lucille Bailey, Ariel Bell, Annie Brown, Lakeysha Chapman, Angela Chavers, Nakesia Cooper, Tonya Crispin, Cassandra Curry, Henrietta Edwards, April Gunn, Stephanie Guyton, LaTonya Hamner, Leteakia Hill, Sarah Leatherwood, Kimberly McSahn, Karen Ussin Motley, Juleen Phillips, Yolonda Pruitt, Marshon Stropshire, Coretta Tucker, LaTaya Wedgeworth, Jeanette Williams, Teresa Williams, Daphina Willingham, and Erika Wilson (referred to collectively herein with Wise as "Plaintiffs") following the court's order certifying the class. (Doc. 33.)

All claims of Juleen Pillips and Yolanda Pruitt were dismissed with prejudice by order granting Park Manor's Motion for Partial Summary Judgment (doc. 43) on the basis that Phillips and Pruitt failed to produce evidence of employment by Park Manor during the statute of limitations period. (Doc. 49.)

The parties' submitted individualized settlement agreements with their joint motions for approval. The agreement pertaining to Wise resolves all claims, both FLSA-related and otherwise, between Wise and Park Manor, and it also stipulates that all claims related to the present lawsuit be dismissed with prejudice. (Doc. 44, Ex. A at ¶ 3.) In this settlement, Park Manor agrees to pay Wise a total sum of $4,982.08 representing alleged unpaid overtime wages and additional consideration in support of Wise's agreement to release Park Manor from any and all claims against the defendant beyond those asserted in this action. (Doc. 44, pp. 3, 6.)

In the remaining agreements Park Manor also agrees to pay opt-in plaintiffs as follows: Markus Adams–$693.99; Lucille Bailey–$1,688.16; Ariel Bell–$968.77; Annie Brown–$161.40; Lakeysha Chapman–$50.00; Angela Chavers–$178.49; Nakesia Cooper–$272.45; Tonya Crispin-$1,110.18; Cassandra Curry-$755.39; Henrietta Edwards-$843.21; April Gunn-$50.69; Stephanie Guyton-$82.82; Latonya Hamner-$50.00; Leteakia Hill-$369.79; Sarah Leatherwood-$912.72; Kimberly McShan-$101.82; Karen Motley-$394.50; Marshon Shropshire- $50.00; Coretta Tucker-$586.43; LaTaya Wedgeworth-$52.90 Jeanette Williams-$130.04; Teresa Williams-$157.78; Daphina Willingham-$258.10; and Erika Wilson-$1,069.01for alleged unpaid wages and overtime. (Doc. 44, pp. 3-6.; *id.*, Ex. A.)  In addition, Park Manor agrees to pay $18,000 in lump sum for payment of costs, expenses, and attorney's fees.  (Doc. 44, p. 5.)

In their Supplement to Joint Dismissal for Approval of Settlement and Dismissal with Prejudice, (doc. 50), the parties state that, to date, plaintiffs' counsel has received, and delivered to defendant's counsel, executed releases from 20 of the 25 plaintiffs. (Doc. 50, p. 2.)  Defendant has forwarded settlement checks for those plaintiffs who have executed releases.  (*Id.*)  The parties desire that counsel for defendant Park Manor retain the remaining five settlement checks until plaintiffs' counsel receives an executed release from the remaining plaintiffs.  Counsel for Park Manor will release the check for a remaining plaintiff upon receipt of his/her executed release.  If plaintiffs' counsel is unable, after reasonable efforts, to obtain releases from any of the five remaining

3

plaintiffs on or before March 23, 2010, the parties agree that the settlement monies shall be returned to Park Manor.  (*Id.* at p. 3.)  The failure of the remaining plaintiffs to execute releases and receive settlement checks shall not effect the dismissal of the entire case with prejudice.

Because of the inequalities in bargaining power between employers and employees, settlements of claims for back pay brought by an employee pursuant to the FLSA are permissible in only two contexts: 1) with payments supervised by the Department of Labor, or 2) with "a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employee[ ], in a suit brought by the employee[ ] under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003) (quoting *Lynn's Food Stores*, 679 F.2d at 1354) (concluding that the settlement before the court was a fair and reasonable resolution of bona fide disputes over FLSA provisions).

The parties assert that the defendant has denied and continues to deny any failure to compensate the plaintiff for unpaid wages and overtime, claims arising under 29

U.S.C. §§ 210-219.  (Doc. 44, p.2-3.)  Based on the court's review of the record as well as the parties' individualized settlement agreements, the court finds that the proposed settlement is a fair and reasonable resolution of the parties' bona fide dispute.

An Order granting the parties' Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice, (doc. 44) and Supplement to Joint Motion for Approval of Settlement and Dismissal with Prejudice, (doc. 50), and dismissing all claims with prejudice, will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 21st day of September, 2009.

_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE